# EXHIBIT A

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

RECEIVED
Civil Clerk's Office
NOV 0 3 2017
Superior Court of the
District of Columbia
Washington, D.C.

THOMAS ALSTON                          )
10012 Cedarhollow Ln                   )
Largo, MD 20774                        )
                                       )
    *on behalf of himself and*         )
    *all others similarly situated*    )     Civil Action No. **47 - 0 0 0 7 4 4 9**
                                       )
        Plaintiff,                     )     CLASS ACTION COMPLAINT FOR
                                       )     DAMAGES AND INJUNCTIVE RELIEF
v.                                     )
                                       )
WHOLE FOODS MARKET GROUP               )
**Serve:** C T Corporation System       )
1015 15th Street NW, Suite 1000        )
Washington, District of Columbia 20005 )
                                       )
        Defendant.                     )

## COMPLAINT AND JURY DEMAND

The Plaintiff, Thomas Alston, on behalf of himself and all other similarly situated,

brings this complaint, for injunctive relief and damages against defendant Whole Foods

Market Group ("Whole Foods"), and alleges as follows:

## PRELIMINARY STATEMENT

1.      Defendant Whole Foods systematically uses deceptive and fraudulent

marketing tactics against its customers. Such deceptive and fraudulent acts violate the

District of Columbia Consumer Protection Procedures Act, D.C. Code §28-3901 *et seq.*

("DCCPPA") and constitute common law fraud.

## PARTIES

2.      Plaintiff is a natural person and "consumer" under D.C. Code §28-3901(a)(2).

3.      Defendant owns and operates a chain of natural food supermarkets and is a

"merchant" under D.C. Code §28-3901(a)(3).

1

## **FACTUAL ALLEGATIONS**

4.    In May 2017, on numerous occasions Mr. Alston visited the Whole Foods natural food store located at 1440 P Street NW in Washington DC.

5.    In each or most of his visits, Mr. Alston purchased, among other things, a health bar called the Larabar.

6.    The Larabar was being advertised at a sale price of $1.00.

7.    The regular price, or non-sale price, is $1.29.

8.    Mr. Alston purchased the Larabar because it was on sale.

9.    Despite being advertised at $1.00, the Larabar actually cost $1.29.

10.    Mr. Alston made several purchases over several days before he noticed that he was being charged $1.29 instead of $1.00.

11.    Whole Foods deceptively advertised the Larabar as being on sale for less than the actual costs to generate more sales.

12.    Whole Foods calculated that most consumers would not notice the 29 cents overcharge, would not bother to say anything after they noticed the overcharge or that they would simply refund the overcharge if a consumer requested a refund.

13.    It is uncommon for a super market, let alone a national super market as well-known as Whole Foods, to employ such fraudulent and deceptive sales tactics.

14.    In most circumstances, a consumer can count on an advertised sale being honest and the advertised price being the price that they are charged.

15.    It is common for a consumer not to pay attention to exact amounts that they are being charged for their purchase.

16.    In the past, Plaintiff has purchased items, including Larabars, on sale from Whole Foods where the advertised sale price was the price that was charged.

17.     Plaintiff had no reason not to trust Whole Foods and justifiably relied on the listed sale prices as being the prices that he would be charged at the cash register.

18.     Plaintiff would not have purchased any Larabars or would have purchased less Larabars if he knew the price was $1.29.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, within three years of the filing of this complaint, have purchased a Larabar from Whole Foods and paid $1.29 for the Larabar when the Larabar's listed sale price was $1.00.

20.     *Ascertainability/Numerosity*: The class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are hundreds, if not thousands of members of the class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

21.     *Typicality*: The claims of the named plaintiff are typical of the claims of each member of the class he seeks to represent because: (1) they have all been injured in the same manner as a result of Defendant's false advertising.

22.     *Adequacy Of Representation*: Plaintiff is an adequate representative of the class he seeks to represent because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interest is not in any way antagonistic to those of the other class members; and (c) he will be represented by experienced and competent counsel.

23.     *Commonality*: There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the class are whether:

3

(a)   Whole Foods advertised or listed the sale price for the Larabar as $1.00;

(b)   Individuals of the class bought the Larabars from Whole Foods for $1.29;

(c)   Individuals believed they were paying $1.00 for Larabars;

(d)   Whole Foods intended to deceive the individuals into paying more than they thought they would pay;

(e)   Whole Foods deceptive advertising is violation of the DCCPPA; and

(f)   Whole Foods deceptive advertising constitutes fraudulent misrepresentation.

30.   ~~Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(2).~~ Class certification of plaintiff's claims ~~is appropriate under Fed. R. Civ. P. 23(b)(2)~~ because Defendant ~~has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of Chase's conduct in failing and refusing to follow reasonable procedures in connection with its investigation of erroneous reporting of debts that have been~~ discharged ~~following the issuance of an order approving a consumer's Chapter 7 bankruptcy petition.~~

31.   *Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(3).* Class certification of plaintiff's claims ~~for willful failure to employ reasonable reporting procedures in violation of 15 U.S.C. 1681(2)(b) is also appropriate under Fed. R. Civ. P. 23(b)(3). The common questions of law and fact relating to plaintiff's willful violation claims predominate over questions affecting only individual members. Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims. For the vast majority of members of the class, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually, despite the availability of costs and attorney fees in the event they were to prevail on the merits. Further, requiring each class member to pursue his or her claim individually would entail needless duplication of effort,~~

4

would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## COUNT ONE: VIOLATIONS OF DCCPPA

2433. Plaintiff reincorporates all the allegations above by reference.

2534. Whole Foods made statements that misrepresented the actual price and tended to mislead Plaintiff into believing that the price for the Larabars were less than the actual price of the Larabars.

2635. Whole Foods statements omitted the actual price of the Larabars which was higher than the listed price and caused Plaintiff to believe the price for the Larabar was lower than the actual price.

2736. Whole Foods foregoing illegal actions violated D.C. Code §§28-3904(e) and (f) by misrepresenting material facts that have a tendency to mislead and failing to disclose material facts of which such failure tended to mislead.

2837. As a result of the aforesaid DCCPPA violations, Whole Foods is liable for: treble damages, or $1,500 per violation pursuant to §28-3904(k)(2)(A); punitive damages in the amount of $500,000 pursuant to §28-3904(k)(2)(C); and any reasonable attorney fees incurred in the litigation of this action pursuant to §28-3904(k)(2)(B).

## COUNT TWO: FRAUD

29 38. Plaintiff incorporates the preceding allegations by reference.

30 39. Whole Foods stated the price was $1.00 for the Larabar..

31 40. Whole knew the price was $1.29 and knew that its statements to Plaintiff that the price was $1.00 was a false representation.

32 41. Whole Foods intended that Plaintiff rely on its false representations and purchase the Larabar on the belief that the price was lower than the actual price.

5

33 42. Plaintiff did in fact rely on the representations made by Whole Foods and purchased the Larabars on the misguided belief that the Larabars were on sale for a lower price than the normal price.

34 43. Whole Foods conduct had the capacity, tendency or effect of deceiving Plaintiff, who in fact was deceived or misled, causing injury and loss through: purchasing Larabars that he would not have purchased if he knew the Larabar was not on sale; spending more money to purchase the Larabar than the listed price for the Larabar; costs incurred traveling to Whole Foods to buy the Larabars while they were on sale; frustration, irritation, annoyance and anger of being defrauded into expending money that he would not have otherwise spent; physical sickness resulting from emotional and mental distress; and for court costs and attorneys' fees.

## JURY DEMAND

35 44. Plaintiff demands a trial by jury on behalf of himself and the class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Certification of the proposed Class;
(b) Actual, statutory and punitive damages to Plaintiff;
(c) Approval of a $25,000 incentive award for the Named Plaintiff;
(d) Award reasonable attorney's fees and costs; and
(e) Any such other relief the Court deems just, equitable and proper.

Respectfully submitted,

**THOMAS ALSTON**

Thomas Alston (Pro Se)
10012 Cedarhollow Lane
Largo, Maryland 20774
Telephone: (240) 432-0927

6



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
. **Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

THOMAS ALSTON
    Vs.                                 C.A. No.     2017 CA 007449 B
WHOLE FOODS MARKET GROUP

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge JENNIFER A DI TORO
Date:   November 3, 2017
Initial Conference: 9:30 am, Friday, February 02, 2018
Location:   Courtroom 518
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Thomas Alston
_____
Plaintiff

vs.

**Case Number** **17 - 0 0 0 7 4 4 9**

Whole Foods Market Group
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas Alston
_____
Name of Plaintiff's Attorney

1012 Cedarhollow Ln
_____
Address

Largo, MD 20774

240-432-0927
_____
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오.     የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

*Clerk of the Court*

By  Adriane J. Marsh
_____
Deputy Clerk

Date  11-3-2017

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
#### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____  Demandante

contra

_____            Número de Caso: _____

_____  Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

Por: _____
_____                                        Subsecretario
Dirección

_____

Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
한국어로 번역을 원하시면(202)879-4828로 전화해주십시오     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | |
|---|---|
| THOMAS ALSTON<br>10012 Cedarhollow Ln<br>Largo, MD 20774<br><br>    *on behalf of himself and*<br>    *all others similarly situated*<br><br>    Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP<br>**Serve:** C T Corporation System<br>1015 15th Street NW, Suite 1000<br>Washington, District of Columbia 20005<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. **17 - 0 0 0 7 4 4 9**

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

RECEIVED
Civil Clerk's Office
NOV 0 3 2017
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Thomas Alston, on behalf of himself and all other similarly situated, brings this complaint, for injunctive relief and damages against defendant Whole Foods Market Group ("Whole Foods"), and alleges as follows:

## PRELIMINARY STATEMENT

1.    Defendant Whole Foods systematically uses deceptive and fraudulent marketing tactics against its customers. Such deceptive and fraudulent acts violate the District of Columbia Consumer Protection Procedures Act, D.C. Code §28-3901 *et seq.* ("DCCPPA") and constitute common law fraud.

## PARTIES

2.    Plaintiff is a natural person and "consumer" under D.C. Code §28-3901(a)(2).

3.    Defendant owns and operates a chain of natural food supermarkets and is a "merchant" under D.C. Code §28-3901(a)(3).

1

## **FACTUAL ALLEGATIONS**

4.      In May 2017, on numerous occasions Mr. Alston visited the Whole Foods natural food store located at 1440 P Street NW in Washington DC.

5.      In each or most of his visits, Mr. Alston purchased, among other things, a health bar called the Larabar.

6.      The Larabar was being advertised at a sale price of $1.00.

7.      The regular price, or non-sale price, is $1.29.

8.      Mr. Alston purchased the Larabar because it was on sale.

9.      Despite being advertised at $1.00, the Larabar actually cost $1.29.

10.     Mr. Alston made several purchases over several days before he noticed that he was being charged $1.29 instead of $1.00.

11.     Whole Foods deceptively advertised the Larabar as being on sale for less than the actual costs to generate more sales.

12.     Whole Foods calculated that most consumers would not notice the 29 cents overcharge, would not bother to say anything after they noticed the overcharge or that they would simply refund the overcharge if a consumer requested a refund.

13.     It is uncommon for a super market, let alone a national super market as well-known as Whole Foods, to employ such fraudulent and deceptive sales tactics.

14.     In most circumstances, a consumer can count on an advertised sale being honest and the advertised price being the price that they are charged.

15.     It is common for a consumer not to pay attention to exact amounts that they are being charged for their purchase.

16.     In the past, Plaintiff has purchased items, including Larabars, on sale from Whole Foods where the advertised sale price was the price that was charged.

2

17.     Plaintiff had no reason not to trust Whole Foods and justifiably relied on the listed sale prices as being the prices that he would be charged at the cash register.

18.     Plaintiff would not have purchased any Larabars or would have purchased less Larabars if he knew the price was $1.29.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, within three years of the filing of this complaint, have purchased a Larabar from Whole Foods and paid $1.29 for the Larabar when the Larabar's listed sale price was $1.00.

20.     *Ascertainability/Numerosity*: The class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are hundreds, if not thousands of members of the class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

21.     *Typicality*: The claims of the named plaintiff are typical of the claims of each member of the class he seeks to represent because: (1) they have all been injured in the same manner as a result of Defendant's false advertising.

22.     *Adequacy Of Representation*: Plaintiff is an adequate representative of the class he seeks to represent because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interest is not in any way antagonistic to those of the other class members; and (c) he will be represented by experienced and competent counsel.

23.     *Commonality*: There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the class are whether:

3

(a)     Whole Foods advertised or listed the sale price for the Larabar as $1.00;

(b)     Individuals of the class bought the Larabars from Whole Foods for $1.29;

(c)     Individuals believed they were paying $1.00 for Larabars;

(d)     Whole Foods intended to deceive the individuals into paying more than they thought they would pay;

(e)     Whole Foods deceptive advertising is violation of the DCCPPA; and

(f)     Whole Foods deceptive advertising constitutes fraudulent misrepresentation.

30.     ~~Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(2).~~ Class certification of plaintiff's ~~claims is appropriate under Fed. R. Civ. P. 23(b)(2)~~ because Defendant ~~has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of Chase's conduct in failing and refusing to follow reasonable procedures in connection with its investigation of erroneous reporting of debts that have been discharged following the issuance of an order approving a consumer's Chapter 7 bankruptcy petition.~~

31.     *Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(3).* Class certification of plaintiff's claims for ~~willful failure to employ reasonable reporting procedures in violation of 15 U.S.C. 1681s-2(b) is~~ also appropriate under ~~Fed. R. Civ. P. 23(b)(3).~~ The common questions of law and fact relating to plaintiff's willful violation claims predominate over questions affecting only individual members. Moreover, ~~the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims.~~ For ~~the vast majority of members of the class, the amount~~ of any potential ~~recovery is too small~~ to justify ~~the cost of prosecuting their claims individually,~~ despite the availability of costs and ~~attorney fees in the event they were to prevail on the merits.~~ Further, requiring each class member ~~to pursue his or her claim individually would entail needless duplication of effort,~~

would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## COUNT ONE: VIOLATIONS OF DCCPPA

24~~33~~. Plaintiff reincorporates all the allegations above by reference.

25~~34~~. Whole Foods made statements that misrepresented the actual price and tended to mislead Plaintiff into believing that the price for the Larabars were less than the actual price of the Larabars.

26~~35~~. Whole Foods statements omitted the actual price of the Larabars which was higher than the listed price and caused Plaintiff to believe the price for the Larabar was lower than the actual price.

27~~36~~. Whole Foods foregoing illegal actions violated D.C. Code §§28-3904(e) and (f) by misrepresenting material facts that have a tendency to mislead and failing to disclose material facts of which such failure tended to mislead.

28~~37~~. As a result of the aforesaid DCCPPA violations, Whole Foods is liable for: treble damages, or $1,500 per violation pursuant to §28-3904(k)(2)(A); punitive damages in the amount of $500,000 pursuant to §28-3904(k)(2)(C); and any reasonable attorney fees incurred in the litigation of this action pursuant to §28-3904(k)(2)(B).

## COUNT TWO: FRAUD

29 ~~38~~. Plaintiff incorporates the preceding allegations by reference.

30 ~~39~~. Whole Foods stated the price was $1.00 for the Larabar..

31 ~~40~~. Whole knew the price was $1.29 and knew that its statements to Plaintiff that the price was $1.00 was a false representation.

32~~41~~. Whole Foods intended that Plaintiff rely on its false representations and purchase the Larabar on the belief that the price was lower than the actual price.

5

33. Plaintiff did in fact rely on the representations made by Whole Foods and purchased the Larabars on the misguided belief that the Larabars were on sale for a lower price than the normal price.

34. Whole Foods conduct had the capacity, tendency or effect of deceiving Plaintiff, who in fact was deceived or misled, causing injury and loss through: purchasing Larabars that he would not have purchased if he knew the Larabar was not on sale; spending more money to purchase the Larabar than the listed price for the Larabar; costs incurred traveling to Whole Foods to buy the Larabars while they were on sale; frustration, irritation, annoyance and anger of being defrauded into expending money that he would not have otherwise spent; physical sickness resulting from emotional and mental distress; and for court costs and attorneys' fees.

## JURY DEMAND

35. Plaintiff demands a trial by jury on behalf of himself and the class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Certification of the proposed Class;
(b) Actual, statutory and punitive damages to Plaintiff;
(c) Approval of a $25,000 incentive award for the Named Plaintiff;
(d) Award reasonable attorney's fees and costs; and
(e) Any such other relief the Court deems just, equitable and proper.

Respectfully submitted,

THOMAS ALSTON

Thomas Alston (Pro Se)
10012 Cedarhollow Lane
Largo, Maryland 20774
Telephone: (240) 432-0927

6

# Superior Court of the District of Columbia

CIVIL   DIVISION

Praecipe

0  **CIVIL  ACTION** - **Rm  5000**      The [          ] Day of

    **LANDLORD  AND   TENANT** - **Building B, Rm 110**

    **SMALL CLAIMS** - **Building B, Rm 120**

*Plaintiff*

Case   Number

*Defendant*

    The  Clerk  of  said  Court  will

Attorney   for   Defendant                  Attorney   for   Plaintiff

Address                                     Address

Phone  No.              Bar  No.   20006    Phone  No.              Bar  No.

**Form CV-358** Jan  2011
**Replaces  all  previous  editions  of  CV-358  which  may  be  used.**                    1-0433 wd-356

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed through Case File Express on this 21st day of November, 2017, with a copy served by United States mail, postage prepaid to:

Thomas Alston, *pro se*
10012 Cedarhollow Lane
Largo, MD 20774

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/ Christopher Humber
Christopher Humber, Bar No. 462447
1909 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone:  202-887-0855
Facsimile:  202-887-0866
*christopher.humber@ogletreedeakins.com*

Attorney for Whole Foods Market Group, Inc.

32096235.1

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **THOMAS ALSTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No.:  2017 CA 007449 B** |
| | : | **Hon. Jennifer A. Di Toro** |
| **WHOLE FOODS MARKET** | : | **Next Event:  February 2, 2018** |
| **GROUP, INC.** | : | **Description:  Initial Conference** |
| | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S CONSENT MOTION TO EXTEND TIME TO**
**ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendant Whole Foods Market Group, Inc. (incorrectly named in the case caption as "Whole Foods Market Group"), through undersigned counsel, pursuant to Rules 6 and 12-I of the D.C. Superior Court Rules of Civil Procedure, with the consent of Plaintiff, files this Consent Motion to Extend Time to Answer or Otherwise Respond to Complaint.  Specifically, Defendant moves this Court to extend the time in which to respond to Plaintiff's Complaint for a period of thirty (30) days from November 24, 2017 (the date Defendant's responsive pleading is currently due), up to and including December 26, 2017.  In support of this motion, Defendant states the following:

1.      On November 3, 2017, Plaintiff served a copy of the Complaint and Summons upon Defendant via process server.

2.      Accordingly, Defendant's responsive pleading is due twenty-one (21) days after service of the Summons and Complaint, which is November 24, 2017.

3.      Defendant respectfully requests an extension of thirty (30) days, until and including December 26, 2017, to answer or otherwise plead in response to the Complaint, as counsel for Defendant was recently retained for this matter.

4.      Counsel for Defendant requires additional time to investigate the allegations of the Complaint and to prepare an appropriate response.

5.      This motion is brought for good cause and not brought for purposes of delay or any other improper purpose.  Defendant has not previously filed or requested an extension of the deadline for responding to Plaintiff's Complaint.

6.      Counsel for Defendant has contacted Plaintiff regarding this extension motion and Plaintiff consents to this motion.

7.      A proposed order is attached.

**WHEREFORE**, Defendant Whole Foods Market Group, Inc. respectfully requests that the Court grant this motion to extend time, until and including December 26, 2017, for Defendant to answer or otherwise respond to the Complaint.

Dated:  November 21, 2017

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:     /s/ Christopher Humber
        Christopher Humber, Bar No. 462447
        1909 K Street, N.W., Suite 1000
        Washington, DC  20006
        Telephone:  202-887-0855
        Facsimile:  202-887-0866
        *christopher.humber@ogletreedeakins.com*

Attorney for Whole Foods Market Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true copy of the foregoing was electronically filed through Case

File Express on this 21st day of November, 2017, with a copy served by United States mail,

postage prepaid to:

> Thomas Alston, *pro se*
> 10012 Cedarhollow Lane
> Largo, MD 20774


> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

> By:    /s/ Christopher Humber
> Christopher Humber, Bar No. 462447
> 1909 K Street, N.W., Suite 1000
> Washington, DC  20006
> Telephone:  202-887-0855
> Facsimile:  202-887-0866
> *christopher.humber@ogletreedeakins.com*

> Attorney for Whole Foods Market Group, Inc.

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **THOMAS ALSTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No.:  2017 CA 007449 B** |
| | : | **Hon. Jennifer A. Di Toro** |
| **WHOLE FOODS MARKET** | : | **Next Event:  February 2, 2018** |
| **GROUP, INC.** | : | **Description:  Initial Conference** |
| | : | |
| | : | |
| **Defendant.** | : | |

## PROPOSED ORDER

Having considered Defendant Whole Foods Market Group, Inc.'s (incorrectly named in the case caption as "Whole Foods Market Group") Consent Motion to Extend Time to Answer or Otherwise Respond to Complaint, the Motion is hereby GRANTED.

IT IS THEREFORE ORDERED that Defendant shall have to and including December 26, 2017 to answer or otherwise respond to Plaintiff's Complaint.

SO ORDERED this _____ day of November, 2017.

_____
The Honorable Jennifer A. Di Toro
Associate Judge, Superior Court of the District of
Columbia

32096124.1

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **THOMAS ALSTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No.:  2017 CA 007449 B** |
| | : | **Hon. Jennifer A. Di Toro** |
| **WHOLE FOODS MARKET** | : | **Next Event:  February 2, 2018** |
| **GROUP, INC.** | : | **Description:  Initial Conference** |
| | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S RULE 7.1 CORPORATE DISCLOSURE STATEMENT

Defendant Whole Foods Market Group, Inc. (incorrectly named in the case caption as "Whole Foods Market Group"), by counsel, pursuant to Rule 7.1 of the D.C. Superior Court Rules of Civil Procedure, submits the following corporate disclosure statement:

Defendant Whole Foods Market Group, Inc. is a wholly owned subsidiary of Whole Foods Market, Inc., a Texas corporation.  Whole Foods Market, Inc. is an indirect wholly-owned subsidiary of Amazon.com, Inc. (traded on Nasdaq under the symbol AMZN).

Dated:  November 21, 2017

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    /s/ Christopher Humber
       Christopher Humber, Bar No. 462447
       1909 K Street, N.W., Suite 1000
       Washington, DC  20006
       Telephone:  202-887-0855
       Facsimile:  202-887-0866
       *christopher.humber@ogletreedeakins.com*

       Attorney for Whole Foods Market Group, Inc.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed through Case File Express on this 21$^{2t}$ day of November, 2017, with a copy served by United States mail, postage prepaid to:

> Thomas Alston, *pro se*
> 10012 Cedarhollow Lane
> Largo, MD 20774

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/ Christopher Humber
      Christopher Humber, Bar No. 462447
      1909 K Street, N.W., Suite 1000
      Washington, DC  20006
      Telephone:  202-887-0855
      Facsimile:  202-887-0866
      *christopher.humber@ogletreedeakins.com*

Attorneys for Whole Foods Market Group, Inc.

32079479.2

2