**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THOMAS ALSTON, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civ. Action No. 17-2580 (EGS) |
|  | ) |
| WHOLE FOODS MARKET GROUP, | ) |
| Defendant. | ) |

### ORDER

On January 23, 2018, plaintiff Thomas Alston ("Mr. Alston"), proceeding *pro se*, filed an amended complaint against defendant Whole Foods Market Group ("Whole Foods"). *See* Am. Compl., ECF No. 12. Mr. Alston sues Whole Foods on behalf of himself and "all other [sic] similarly situated" for violations of the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 28-3901 *et seq.*, and common law fraud. *Id.* Mr. Alston alleges that Whole Foods deceptively advertised certain products known as "Larabars" as being on sale, while charging a non-sale price. *Id.*

On February 7, 2018, Whole Foods filed a partial motion to dismiss as to Mr. Alston's class action claims, arguing that Mr. Alston does not have standing to pursue the rights of others by way of his class action claims because he is not represented by an attorney. *See* Def.'s Mot., ECF No. 13. When Mr. Alston did not respond within fourteen days, pursuant to Local Rule 7(b), the Court *sua sponte* extended his time to respond by a month, reminding him that failure

to respond could result in his claim being dismissed. *See* Order, ECF No. 15. The Order was sent to Mr. Alston's address of record by first-class mail, certified receipt. *Id.*

Almost two months have passed, and Mr. Alston has not filed a response. Notwithstanding the fact that the Court may treat Whole Food's motion as conceded, *see* Local Rule 7(b) ("[i]f such a memorandum [in opposition to a motion] is not filed within the prescribed time, the Court may treat the motion as conceded"), the Court independently finds that Mr. Alston may not bring class claims as a *pro se* plaintiff.

*Pro se* litigants may plead only their own cases, *see* 28 U.S.C. § 1654, and are "not qualified to appear in the District Court . . . as counsel for others." *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (citing *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("federal courts have consistently rejected attempts at third-party lay representation")). Therefore, "a class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class." *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). This principle applies to both of Mr. Alston's class action claims. *See Rotunda v. Marriott Int'l*, 123 A.3d 980, 988 (D.C.

2015)(holding that Federal Rule of Civil Procedure 23 applies to DCCPPA actions under D.C. law). It is therefore

**ORDERED** that the defendant's partial motion to dismiss is **GRANTED**; and it is further

**ORDERED** that the plaintiff's class action claims against the defendant for common law fraud and violations of the DCCPPA are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**             United States District Judge**
**             April 13, 2018**